O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHELLY LONG, | ) | Case No. EDCV 09-0036 RNB |
| Plaintiff, | ) | |
| vs. | ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Court now rules as follows with respect to the four disputed issues listed in the Joint Stipulation.[1]

As to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 5-7), the Court finds and concludes that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider Dr. Puri's opinion regarding the side effects of plaintiff's medications and comply with

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

Social Security Ruling ("SSR") 96-7p. Plaintiff's own testimony at the administrative hearing established that she had stopped taking the medication prescribed by Dr. Puri, on the advice of her family doctor. (See AR 22).

As to Disputed Issue No. 2, for the reasons stated by the Commissioner (see Jt Stip at 10-11), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider Dr. Yu's opinion. As the Commissioner points out, the ALJ actually adopted Dr. Yu's assessment of plaintiff's exertional capacity. (See AR 43, 45, 190). Indeed, the Court deems plaintiff's failure to even reply to the Commissioner's contentions with respect to Disputed Issue No. 2 as a concession to the correctness of the Commissioner's position.

As to Disputed Issue No. 3, it follows from the Court's rejection of plaintiff's contentions with respect to Disputed Issue Nos. 1 and 2 that reversal is not warranted based on the alleged failure of the ALJ to pose a complete hypothetical to the vocational expert. Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record that the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Here, the hypothetical posed to the vocational expert did comport with the limitations substantiated by the evidence of record that the ALJ found to exist. (Compare AR 43 with AR 32-33).

Finally, as to Disputed Issue No. 4, for the reasons stated by the Commissioner (see Jt Stip at 18-19), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to make a proper listings determination. The claimant has the burden of proving disability, including disability based on the Listing of Impairments. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Vick v. Comm'r of Social Sec. Admin., 57 F. Supp. 2d 1077, 1087 (D. Or. 1999). The mere diagnosis of a listed condition does not establish

that a claimant "meets" the Listings. See Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990). "For a claimant to show that his impairment matches a listing, it must meet **all** of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); see also 20 C.F.R. § 404.1525(d). Here, plaintiff has not even purported to contend that her spine disorder met all of the specified medical criteria for Listing 1.04, one of which is either the inability to either ambulate effectively or perform fine and gross movements effectively on a sustained basis. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00A.2.

Further, to the extent that plaintiff is purporting to invoke the "medical equivalence" concept in support of her Listings arguments (see Jt Stip at 19-20), the Court finds and concludes that plaintiff also has not met her burden. "For a claimant to qualify for benefits by showing that [her] unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, [she] must present medical findings equal in severity to **all** the criteria for the one most similar listed impairment. . . . A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of [her] unlisted impairment or combination of impairments is as severe as that of a listed impairment." Zebley 493 U.S. at 531. Moreover, under SSR 96-6p, the ALJ is permitted to assume from the signature of a State agency physician on a Disability Determination and Transmittal Form that "consideration has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." Here, the record before the ALJ included Disability Determination and Transmittal Forms signed by State agency physicians reflecting their initial disability determination and their disability determination on reconsideration. (See AR 35, 36).

//
//
//

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: August 20, 2009

/s/ Robert N. Block
_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE